**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1781 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-00022-JMK-MMS-3 |
| v. | |
| FABIAN QUEPONS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Fabian Quepons appeals from the district court's judgment and challenges

the 108-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute controlled substances, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B), and 846, and being a felon in possession of a firearm, in

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quepons contends that he is entitled to resentencing because the government breached the plea agreement by directing the district court to an earlier version of the agreement. We review this claim for plain error because Quepons did not raise it in the district court. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). To establish plain error, a defendant must show "(1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted).

As the government concedes, the district court erred when it referenced the original version of the plea agreement, which included some facts that were omitted in the final version. Quepons has not shown, however, that this error affected his substantial rights or seriously affected the fairness of his sentencing. Contrary to Quepons's argument, the Guidelines calculation was supported by the facts contained in the amended plea agreement, which reflected Quepons's receipt of "packages" of methamphetamine and heroin over the course of a monthslong conspiracy that was trafficking in quantities of methamphetamine and heroin that exceeded 500 grams or more of methamphetamine and 1 kilogram or more of heroin. *See generally United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002)

(where the amount of drugs seized does not reflect the scale of the offense, the district court may approximate total drug quantity by a preponderance of the evidence). Moreover, Quepons's assertion that the court "likely imposed a higher sentence" because it considered the facts omitted from the amended plea agreement is not supported by the record; the court did not reference those facts in explaining its reasons for the sentence, and it imposed a sentence 32 months below the Guidelines range. On this record, Quepons has not shown that the district court's error affected his substantial rights, *see Whitney*, 673 F.3d. at 972 (to show an effect on substantial rights, defendant must show a "reasonable probability" that the error affected the sentence), or that the error "seriously affected the fairness" of his sentencing, *see id.* at 970.

**AFFIRMED.**